UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ERICH LAMAS,**
Plaintiff,
-against-
**LINKEDIN CORPORATION;**
**SUBBISH KUMAR; SETH GOH; UMMAY HANI HUMA; RAKESH B R; ALPHONSE TREASA; CUONG NGUYEN; AKANKSHA SRIVASTAVA; JEROME BARBAGELATA; HEENA GURBANI; MICHAELA B.; AMIT PALAN; ROHIT ARYA; SHARMISTHA CHOWDHURY; NICK PRINCE; TIFFANY B.; KATERYNA W.; ADHISHA BHATTACHARYA; PAULA SOARES; PAULINE AMILHAUD DO VALLE; MANU SARMA; SEBINHEE K.; MILENA O.; SAURABH S.; CYNTHIA A.; FELIPPE FERREIRA; MOHAN NELLORE; ANUSHA A K; GINA BENVENUTO; PAWAS SONI; STEVE NITIN; MIGCHAEL RIVERA; MEGHNA MITTAL; ARUN KUMAR; TANYA MAMPILLY; AKTHER IQBAL; LILI ZHOU; JAKE ZHAO WEI CHUA; KOMAL LAHIRI; STEPHANIE ITIMI; MEHAK QAMAR; SARAH O.; SMIT MARVANIYA; STEPHANIE THOMAS; PUSHPA NANDARAM; THIAGO B. LACERDA; RAHUL TANDRA; SHERRI HUEBNER; JACKYE CLAYTON; JEROD BRENNEN; MATT M.; TOBIAS SPRUILL; ISHA RANI; ATIF HAQUE; YUBIN JHUN; CAMERON TERRY; CHLOE DU; DANIEL STANTON; NICOLE COOK; OSCAR RODRIGUEZ; ALE VOLPI; SAILEE NAKASHE; ASHUTOSH YADAV; SHRUTI ROHILLA; DEANNA H.; JACOB HAMILTON; DR. NIKA WHITE; PRIYANKA GARIBA; ADITI JHA; WILL N.; DEEPAK SHARMA; DHRUV B; WEI T.; ROBERTO DAVOLI; HENRICA KADIRA; ANKIT AGARWAL; DANIEL CASTILLO; OMKHAR ARASARATNAM; MAJID ALI; KIP BOYLE; ALMA ARZATE; EDUARDO ALMEIDA; BROOKE B. SELLAS; DAVE BIRSS; ANITA ATHARY; CHRIS OBENZA; INES GONZALEZ; CHRISTOPHER ARCENEAUX; AMAL SHAH; VARUN SRIDHAR HARIHARAN; NEIL PINTO; NNEKA THEODORA OBI; BELLA IKPASAJA; ARCHANA VAIDHEESWARAN; RAJESH RAJAMOHANAN NAIR; KRISTEN J.; ROSHAN KRISHNAN; KIRA SHISHKIN; WES R.; JESLYN SHOU LENG TAN; ASHA VYAS-WIRNSBERGER; AOUN ABBAS; ROHAN BHARALI; HANS SEBASTIAN; SAM KOLB; PRAVEEN KUMAR; ALLYSON STEWART-ALLEN; BARTOLOMÉ FERREIRA; FLAURA SHUKLA**
Defendants.

Case No.: _____ CV _____

**COMPLAINT FOR BUSINESS TORT, PRODUCT LIABILITY, TORTIOUS INTERFERENCE, FINANCIAL TORT, DATA ABUSE, CORPORATE MISCONDUCT, AND DEFAMATION PER SE**

**JURY TRIAL DEMANDED**

Plaintiff Erich Lamas, appearing pro se, brings this action against Defendant LinkedIn Corporation and the individual defendants named herein (collectively, "Defendants"), and alleges as follows:

**I. PARTIES**

1. Plaintiff Erich Lamas is an individual residing at 15 E 30th St, New York, NY 10016, USA.

2. Defendant LinkedIn Corporation ("LinkedIn") is a social media, professional networking, and online discussion platform company headquartered at 1000 W. Maude Avenue, Sunnyvale, CA 94085, USA, operating numerous online communities, professional networks, and forums with national and international reach, generating substantial revenue through advertising, data monetization, premium subscriptions, and user engagement.

3-108. The individual defendants listed above are executives, employees, managers, content moderators, and agents of LinkedIn Corporation, whose specific business addresses and titles are to be obtained through discovery.

**II. JURISDICTION AND VENUE**

109. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff is a citizen of New York and Defendants are citizens of California and other states. The amount in controversy exceeds $75,000, exclusive of interest and costs.

110. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants directed their tortious conduct at Plaintiff in this District, Plaintiff resides in this District, and Defendants' platform was accessible and caused harm in this District.

## III. FACTUAL ALLEGATIONS

111. Plaintiff Erich Lamas is engaged in legitimate business activities and has established business relationships, contracts, and economic interests in his field.

112. Defendants LinkedIn Corporation and the individual defendants named herein, acting individually and in concert, engaged in a pattern of wrongful, malicious, and tortious conduct directed at Plaintiff through LinkedIn's platform, messaging systems, content flagging, account suspension, and user-generated content.

113. Defendants deliberately designed and maintained LinkedIn's platform in such a manner as to facilitate illegal acts, harassment, defamation, and tortious interference with business relationships, while simultaneously claiming no legal responsibility for user-generated content while actively monetizing such content through advertising, premium subscriptions, and data collection.

114. Defendants published, facilitated, or caused to be published false and defamatory statements concerning Plaintiff on LinkedIn's platform, which is widely accessible to the public and distributed nationally and internationally.

115. These false and defamatory statements were made without privilege, with actual malice or reckless disregard for their truth or falsity, and were specifically designed to harm Plaintiff's business reputation, professional relationships, client relationships, and financial standing.

116. Defendants engaged in abuse of LinkedIn's reporting and suspension mechanisms, maliciously and falsely reporting Plaintiff's legitimate business profiles, accounts, and content, causing suspension and removal, while simultaneously refusing to cooperate with lawful requests from Plaintiff and providing no transparency regarding suspension reasons.

117. Defendants engaged in product liability by designing and maintaining a platform that facilitates illegal conduct, harassment, defamation, and tortious interference while claiming immunity from responsibility for such conduct.

118. Defendants monetize user-generated content and professional data through advertising, premium subscriptions, and data collection, while simultaneously claiming no ownership of such content and refusing to acknowledge responsibility for its tortious and illegal nature.

119. Defendants' hypocrisy is further demonstrated by their willingness to litigate against third-party companies for their use of data while refusing to acknowledge ownership or responsibility for user-generated content on their own platform.

120. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered the loss of existing clients and contracts, loss of prospective business opportunities, suspension of business profiles and accounts, severe reputational harm, and significant financial damages.

## IV. CAUSES OF ACTION

### COUNT I — BUSINESS TORT (Against All Defendants)

121. Plaintiff incorporates by reference all preceding paragraphs.

122. Defendants engaged in wrongful, malicious, and tortious business conduct directed at Plaintiff through LinkedIn's platform, causing Plaintiff economic and reputational harm.

123. Defendants' conduct was willful, intentional, and constitutes a business tort under New York law.

124. Damages: Not less than $25,000,000.

**COUNT II — PRODUCT LIABILITY (Against All Defendants)**

125. Defendants designed, maintained, and operated LinkedIn's platform in a manner that facilitated and enabled illegal conduct, harassment, defamation, and tortious interference.

126. The platform was defectively designed, lacking adequate safeguards and moderation policies to prevent illegal and tortious conduct.

127. Damages: Not less than $25,000,000.

**COUNT III — TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (Against All Defendants)**

128. Plaintiff had existing and prospective business relationships, contracts, and economic advantages.

129. Defendants intentionally and maliciously interfered with these relationships through wrongful means on LinkedIn's platform.

130. Damages: Not less than $25,000,000.

**COUNT IV — DATA ABUSE AND CORPORATE MISCONDUCT (Against All Defendants)**

131. Defendants abuse user-generated data and monetize professional content while simultaneously denying responsibility and ownership.

132. Defendants litigate against third parties for data use while refusing accountability for conduct on their platform.

133. Damages: Not less than $25,000,000.

**COUNT V — DEFAMATION PER SE (Against All Defendants)**

134. Defendants published or caused to be published false statements about Plaintiff on LinkedIn's platform.

135. Defendants acted with actual malice or reckless disregard for truth.

136. Damages: Not less than $25,000,000.

**VI. PRAYER FOR RELIEF**

Plaintiff respectfully requests judgment and the following relief:

Compensatory damages in the amount of $25,000,000 or as proven at trial
Punitive damages for willful, malicious, and intentional conduct
Injunctive relief requiring removal of false content and cessation of tortious conduct
Attorneys' fees and costs
Pre- and post-judgment interest
Such other relief as the Court deems just

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,


ERICH LAMAS
Plaintiff, Pro Se
15 E 30th St, New York, NY 10016, USA
Tel: (202) 345-7839
Email: lamascanada@gmail.com

Date: June 16, 2026